UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
Hattiesburg Division

| | | |
|---|---|---|
| JACQUELINE HOSEY | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No.: 2:20-cv-67-KS-MTP |
| | ) ) | JURY TRIAL DEMANDED |
| HOWARD INDUSTRIES, INC | ) ) | |
| Defendants | ) ) | |

## COMPLAINT
### (Employment Discrimination)

1. Jacqueline Hosey (hereinafter referred to as "Plaintiff"), by and through undersigned counsel, and files this Complaint and Jury Demand to recover damages for employment discrimination made illegal by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., and 42 U.S.C. § 1981, and The Equal Pay Act ("EPA"), 29 U.S.C. § 206(d) et seq. and under the laws of the state of Mississippi against the Defendant, Howard Industries, Inc. (hereinafter referred to as "Defendant") and would show as follows:

### I. Jurisdiction and Venue

2. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3) and 29 U.S.C. § 206(d) et seq. Plaintiff exhausted her administrative remedies and received a Notice of Right to Sue within the ninety (90) day period preceding the filing of this complaint in federal court. Plaintiff's Notice of Right to Sue issued by the Civil Rights Division of the United States Department of Justice and

Plaintiff's Charges of Discrimination are attached as "Exhibit A" and "Exhibit B," respectively.

3. Venue is proper because Defendant has done and regularly does business in this judicial district and Plaintiff resides in this District.

## II. Parties

4. Plaintiff, is an adult African-American citizen of the United States and resides in Jasper County, Mississippi.

5. Defendant is a privately held corporation registered under the laws of the State of Mississippi, with its principal place of business in Laurel, Mississippi.

6. Defendant is a large corporation in terms of both revenue and its scope of work. With over 4,000 employees and revenues of over eight hundred and fifty million dollars ($850,000,000.00) in Fiscal Year 2019, Defendant operates in transportation, manufacturing transformers, computers, and lighting.

7. Defendant can be served via its registered agent, Richard Yoder, Jr., 415 N Magnolia Street, Suite 400, Laurel, MS 39441.

## III. Facts

8. Plaintiff began working for Defendant on or about April 24, 2009 when she was hired as a production clerk. The production clerk job pays $11.95 per hour.

9. On April 8, 2019, Plaintiff was offered and accepted a promotion as a scheduler, which is a salaried position paying in excess of $38,000.00 per year. Upon acceptance of the position on April 8, 2019, Plaintiff immediately began training for the position and officially began performing the job duties of the scheduler position on May 1, 2019. She continues to perform the job duties of scheduler to date.

2

10. On April 15, 2019, Plaintiff's supervisor, Donald Ray Gordon, submitted a "Payroll Change Notice" to human resources documenting Plaintiff's promotion and the pay increase associated with the "scheduler" position. (See "Payroll Change Notice" attached hereto as Exhibit "C.")

11. Despite the documented promotion and the "Payroll Change Notice" submitted to human resources by Plaintiff's supervisor, Plaintiff never received the pay increase/pay change.

12. Consequently, on May 15, 2019, Plaintiff emailed her supervisor, Donald Ray Gordon and Stephanie Livingston, Executive Assistant to the payroll clerk, and explained that she was promoted to the scheduler position but had not received the pay change. Supervisor Donald Ray Gordon responded to the email by copying Roberta May, Defendant's Payroll Clerk, on the email, instructing Payroll Clerk Roberta May to complete the payroll change because Plaintiff "is now our new schedule[r] in dept 351 class 3008." Stephanie Livingston replied that Vice President Roger Gunn signed off the payroll change and confirmed that the Plaintiff would now be a 6000 badge number

13. Following several back and forth correspondences from the different management/human resources personnel, Plaintiff still did not receive the pay increase/pay change. (See aforementioned chain of email correspondences attached hereto as Exhibit "D".) Hence, on May 22, 2019, Plaintiff complained to Vice President Roger Gunn via email, who replied as follows, "Let me see where the payroll change notice is??"

14. Days passed, and Mr. Gunn never contacted client regarding the matter; hence, on May 29, 2019, Plaintiff followed-up with Mr. Gunn regarding the payroll change. Mr. Gunn replied, "Mr. Howard has it and I will call him this morning." "Mr.

Howard" refers to Michael Howard, the President and owner of the company. (See email correspondences with Vice President Roger Gunn attached hereto as Exhibit "E.")

15. Following his phone call with President Michael Howard, Mr. Gunn never contacted Plaintiff. Hence, on June 3, 2019, Plaintiff emailed President Michael Howard, directly explaining that she had not received her increase in pay/pay change. President Michael Howard callously and maliciously ignored Plaintiff and never responded. (See email to President Michael Howard attached hereto as Exhibit "F.")

16. Plaintiff continues to work and perform the job duties of scheduler to date, and she still has not received the increase in pay/pay change.

17. Even though Plaintiff was promoted to the "scheduler" position and has been performing the job duties of scheduler, she is still being paid as a production clerk. Defendant refuses to increase Plaintiff's pay.

18. The scheduler that Plaintiff replaced was a white male earning a salary in excess of $38,000.00 per year. All of the other past and current schedulers working throughout the company are white males, and they are paid salaries in excess of $38,000.00 per year.

19. While all others working in the position of scheduler throughout the company are similarly situated white males, Plaintiff is the only black female scheduler. Plaintiff is paid $11.95 per hour, while all others are paid a salary in excess of $38,000.00 per year. Defendant refuses to increase her salary to the level that all of the other similarly-situated white male schedulers are paid.

20. Plaintiff went up the chain of command requesting her increase in pay to no avail. She even emailed Michael Howard, the President of the company.

21. In President Michael Howard's discriminatory disregard for Plaintiff, he simply callously and maliciously ignored her and did not respond.

22. Plaintiff has a stellar job record with the company.

23. Plaintiff is successfully meeting and/or exceeding the applicable job qualifications and performs her assigned duties and responsibilities in a manner which fully meets or exceeds the legitimate expectations of Defendant's and is qualified for and is performing the essential functions of the scheduler position at this time.

24. Plaintiff has not received the increase in pay/pay change solely or in part because she is a black woman.

25. In the most callous way, Defendant's acts of discrimination have been performed with malice and reckless disregard for Plaintiff's federally protected rights.

26. In addition to discriminating against Plaintiff due to her sex and race, Defendant unlawfully retaliated against Plaintiff, as after Defendant learned of Plaintiff's EEOC complaint, on a Monday morning, Supervisor Donald Ray Gordon came to Plaintiff and said, "They told me to tell you that you a clerk and not a scheduler. What's going on?" Hence, Plaintiff was essentially demoted because she filed an EEOC complaint. This action on the part of Defendant amounts to retaliation.

27. The Defendant is liable for all actions of its agents, as said actions occurred during the scope of her employment by Defendant.

### IV. Claims

#### COUNT I
#### VIOLATION OF TITLE VII (RACE-BASED DISPARATE TREATMENT)

28. Plaintiff incorporates the above paragraphs and adopts each as part of this Count as set out fully herein and, further states that:

5

29. Defendant's above-described acts and omissions were based upon unlawful race discrimination in violation of Title VII.

30. Defendant's unlawful race discrimination in violation of Title VII was sole, or, alternatively, a motivating factor in the adverse actions taken against the Plaintiff;

31. Defendant's above-described actions and failures to act subjected Plaintiff to public embarrassment and disdain and damage to her reputation. Defendant's acts and omissions were intentional and willful and done with malice or reckless indifference to the Plaintiff's federally protected rights.

32. Defendant's acts and omissions have proximately caused Plaintiff to suffer damages including, but not limited to, loss of opportunities for career development/advancement, loss of enjoyment of life, loss of reputation, mental anxiety, physical and emotional distress.

## COUNT II
## VIOLATION OF TITLE VII (SEX DISCRIMINATION)

33. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

34. Defendant continues to intentionally discriminate against Plaintiff on the basis of sex by maintaining a policy and practice of treating her less favorably than similarly situated male employees with respect to, among other things, pay.

35. Defendant's discriminatory practices described above have denied Plaintiff of compensation and other benefits of employment to which she is entitled, which resulted in the loss of past and future wages and other job benefits and has caused Plaintiff to suffer emotional distress.

36. Defendant acted or failed to act as herein alleged with malice or reckless indifference to the protected rights of Plaintiff. Therefore, Plaintiff is entitled to punitive damages.

## COUNT III
## VIOLATION OF TITLE VII
## (RACE-BASED HOSTILE WORK ENVIRONMENT)

37. Plaintiff incorporates the above paragraphs and adopts each as part of this Count as though set out fully herein and further states that:

38. Plaintiff was subjected to hostile work environment by superiors who intentionally discriminated against Plaintiff pervasively and severely so that Plaintiff's working conditions were altered based upon discrimination-based and targeted/strict-scrutiny of Plaintiff's every action and unreasonable criticism.

39. Defendant knew or should have known of the harassment and hostilities against Plaintiff by its agents and failed to take remedial action.

## COUNT IV.
## VIOLATION OF TITLE VII (RETALIATION)

40. Plaintiff incorporates the above paragraphs and adopts each as part of this Count as though set out full herein and further states that:

41. Defendant's actions and omissions were based upon unlawful and retaliatory discrimination in violation of Title VII for Plaintiff's EEOC complaint.

42. Defendant's retaliation-based violation of Plaintiff's federal statutory rights under Title VII was the sole, or, alternatively, a motivating factor in the Defendant's acts/omissions with respect to Plaintiff;

43. Defendant's acts and omissions have proximately caused Plaintiff to suffer damages including, but not limited to, loss of opportunities for career

development/advancement, loss of enjoyment of life, loss of reputation, mental anxiety, physical and emotional distress.

44. Defendant's acts/omissions in violation of Plaintiff's federal statutory rights pursuant to Title VII were intentional, willful and one with malice or reckless indifference to said rights so that Defendant is liable for punitive damages pursuant to 42 USCA § 1981 a(b)(1).

## COUNT V
## EQUAL PAY ACT
**(The Fair Labor Standards Act of 1938, as amended by the Equal Pay Act, 29 U.S.C. §§ 206 et seq.)**

45. Plaintiff re-alleges and incorporates by reference each and every allegation contained in the previous paragraphs of this Complaint as if fully set forth herein.

46. Defendant discriminates against Plaintiff in violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 206 et seq., as amended by the Equal Pay Act of 1963 ("EPA").

47. Defendant pays Plaintiff less than similarly situated male employees performing equal work on jobs the performance of which require equal skill, effort and responsibility and which are performed under similar working conditions.

48. The differential in pay between Plaintiff on the one hand and similarly situated male employees on the other was and is not due to any bona fide seniority, merit or incentive system.

49. Defendant did not act in good faith and created and perpetuated gender-based wage discrimination in violation of the EPA.

50. The foregoing conduct constitutes a willful violation of the EPA within the meaning of 29 U.S.C. § 255(a).

51.  As a result of Defendant's sex-based discriminatory policies and/or practices as described above, Plaintiff has suffered damages, including, but not limited to, lost past and future income, compensation and benefits.

## V. Jury Demand

Plaintiff respectfully requests a jury trial on all questions of fact raised by her complaint.

## VI. Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff Jacqueline Hosey, prays for judgment of and from the Defendant Howard Industries for actual and compensatory damages and, further, prays that this Honorable Court order such relief as is necessary to make her whole, including:

(a) Back pay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of the Defendant's past and present unlawful employment practices;

(b) Front pay with prejudgment interest, in amount to be proved at trial;

(c) Compensation for past and future pecuniary losses, including but not limited to injury to Plaintiff's reputation and earning loss in amount to be determined at trial;

(d) Compensation for non-pecuniary losses, including but not limited to emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be determined at trial;

(e) An adjustment of the wage rate and benefits for Plaintiff;

(f) Exemplary sufficient to discourage the Defendant from future willful, malicious and/or reckless conduct in an amount to be determined at trial;

(g)     Attorneys' fees, prejudgment interest, and costs incurred in this action; and

(h)     Such further relief as is just, equitable, and deemed proper by the Court.

RESPECTFULLY SUBMITTED, this the 7th day of April, 2020.

JACQUELINE HOSEY, Plaintiff

BY: _____
Diandra Hosey, MSB #102951
Attorney for Plaintiff

_____
Jwon T. Nathaniel, MSB #101925
Attorney for Plaintiff

Of Counsel:

Law Office of Diandra Hosey, PLLC
P.O. Box 213
Jackson, MS 39205
diandra@hoseylawoffice.com
Office: 601-670-6649
Facsimile: 601-586-7817

Nathaniel Law Firm, PLLC
P.O. Box 5445
Brandon, MS 39047
Office: (601) 937-2532
Facsimile: (601) 519-0017

10