## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

JACQUELINE HOSEY                                                                    PLAINTIFF

V.                                              CIVIL ACTION NO. 2:20-cv-0067-KS-MTP

HOWARD INDUSTRIES, INC.                                                            DEFENDANT

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendant's Partial Motion to Dismiss Plaintiff's Complaint [4]. Plaintiff filed a response [10], and Defendant replied [11]. Having reviewed the parties' submissions, the Complaint, and the relevant legal authorities, and otherwise being duly advised in the premises, the Court finds the motion will be granted in part and denied in part.

## I. BACKGROUND

Defendant is based in Laurel, Mississippi and operates in the fields of transportation, manufacturing, transformers, computers, and lighting. [1] at ¶¶ 5-6. Plaintiff is an African-American woman and a current employee of Defendant. *Id*. at ¶¶ 4, 8. On July 25, 2019, Plaintiff submitted a Charge of Discrimination to the EEOC ("original EEOC Charge"), alleging discrimination based on race and sex. [1-2]. In her Charge of Discrimination, she set forth the following particulars:

> I've been working at Howard Industries for over 14 years. On April 8th 2019 [sic] I was offered a promotion as a scheduler. My previous position was a production clerk, which paid $11.95 per hour. The schedulers position pay at or about $38,000 per year. To date, my employer refuses to give me the increase in pay. I accepted the position on April 8 and started training on that day. I assumed to position on May 1st 2019. I've emailed all supervisors within the chain of commands, to no avail. All of the other schedulers are white males and they are paid at the least $38,000 per year. I am the only black schedule and I am paid $11.95 per hr. Please find attached emails that I sent to my supervisors reguarding [sic] my pay, including the owner of the company who ignored my email.

[1-2].

On October 25, 2019, Plaintiff sent another Charge of Discrimination ("Amended Charge"), referencing the prior claim and alleging that another act of discrimination took place on October 14, 2019. [10-1]. In the Amended Charge, Plaintiff states:

> On October 9, 2019, I attended a Mediation as a result of discrimination charge that I filed against Howard Industries on July 25, 2019. (See EEOC Charge No. 423-2019-01736). The mediation did not result in a resolution of the case. Consequently, on the morning of October 14, 2019, the Monday following the mediation, my supervisor Donald Gordan came to me and said "They told me to tell you, you a clerk." Donald Gordan had previously promoted me to the position of "scheduler," but after the aforementioned mediation, Howard Industries retaliated against me for filing the July 25th Charge by demoting [me] to the position of "clerk."

*Id.* On February 20, 2020, the EEOC issued a Notice of Right to Sue. [1-2] at p. 2. On April 7, 2020, Plaintiff filed her Complaint against Defendant, alleging five causes of action. Four claims arise under Title VII and a fifth under The Equal Pay Act, 29 U.S.C. § 206(d), *et seq*. [1].

## II. DISCUSSION

### A. Legal Standard

#### 1. Exhaustion of Administrative Remedies

Before a plaintiff may file a Title VII claim in federal court, she must timely file a charge of discrimination with, and obtain a "right-to-sue notice" from, the EEOC. 42 U.S.C. § 2000e-5; *Taylor v. Books A Million, Inc*., 296  F.3d 376, 378-79 (5th Cir. 2002) (holding plaintiffs in Title VII cases "must exhaust administrative remedies before pursuing claims in federal court"). "[A] primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims; by exhausting their administrative remedies by filing formal charges with the EEOC, Title VII plaintiffs initiate this process." *Davis v. Fort Bend Cty*., 893 F.3d 300, 303 (5th Cir. 2018). The exhaustion of remedies occurs when a plaintiff timely files an EEOC Charge and subsequently receives a statutory notice of right to sue. *Kabir v. Singing River Health Sys*., No. 1:19- CV-412-

LG-RHW, 2019 U.S. Dist. LEXIS 211655 at *4 (S.D. Miss. Dec. 9, 2019) (citing *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)).

A Title VII lawsuit "may extend as far as, but not further than, the scope of the EEOC investigation which could reasonably grow out of the administrative charge." *Clayton v. Rumsfeld*, 106 F. App'x 268, 271 (5th Cir. 2004) (quoting *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993)). To determine whether a reasonable EEOC investigation could "grow out of an administrative charge, a district court focuses on the factual statements contained in the charge. *Id.* (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970)).   In other words, a subsequent lawsuit "may encompass any kind of discrimination like or related to allegations contained in the charge and growing out of such allegation during the pendency of the case before the Commission." *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd.*, 40 F.3d 698, 711 (5th Cir. 1994) (citation omitted).

### 2. Failure to State a Claim under Rule 12(b)(6)

The standard on a Rule 12(b)(6) motion is quite familiar. In considering such a motion, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, (2007)). To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if

doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Analysis**

Defendant moves this Court to dismiss Count III (Race Based Hostile Work Environment) and Count IV (Retaliation) of Plaintiff's Complaint with prejudice. Defendant argues that Plaintiff has failed to exhaust her administrative remedies and failed to plead sufficient facts to establish plausible claims for both hostile work environment and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended ("Title VII"). We start with the retaliation claim.

**1. Retaliation Claim**

EEOC regulations permit a charge to be amended to cure technical defects or omissions, or to clarify and amplify the allegations made. *See* 29 C.F.R. § 1601.12(b). Plaintiff argues that she has exhausted her administrative remedies for a retaliation claim because she amended her charge of discrimination per 29 C.F.R. § 1601.12(b) to include such a claim. [10] at p. 3. Defendant states that it never received any notice of the amendment, but cites no authority that such an omission is fatal. [11] at p. 3 n.1. Notwithstanding, the Court finds that bringing this retaliation claim is proper.  Not only does the amendment appear to be proper,[1] but also filing an

---

[1] Plaintiff has submitted mail tracking showing delivery to the EEOC, [10-1] at pp. 3-4, and Plaintiff represents that an EEOC representative contacted her by telephone acknowledging the amendment. [10] at p. 3.

amendment to pursue this retaliation claim is actually unnecessary in the Fifth Circuit based on the *Gupta* exception.[2]

"The *Gupta* exception allows a plaintiff to proceed in district court on an unexhausted retaliation claim if that claim is alleging retaliation for properly bringing an exhausted claim before the district court. Because the *Gupta* exception is premised on avoiding procedural technicalities, it has only been applied to retaliation claims alone." *Sapp v. Potter*, 413 F. App'x 750, 752–53 (5th Cir. 2011) (internal citations omitted). Here, Plaintiff's subsequent claim deals solely with retaliation, as her amendment states that her demotion followed a mediation on the discrimination claim and in her Complaint she alleges that "Plaintiff was essentially demoted because she filed an EEOC complaint," [1] at ¶ 26; [10-1]. Therefore, the motion to dismiss the retaliation claim based on failure to exhaust administrative remedies is denied.

Likewise, the motion to dismiss for failure to adequately state a claim for retaliation is also denied. Defendant takes issue with Plaintiff's allegation that she was "demoted," arguing that it is non-sensical for Plaintiff to claim discrimination for not being promoted while at the same time now arguing that she was demoted. However, Defendant misinterprets the allegations. Plaintiff does not allege that she sought the job of scheduler and was passed over for promotion due to her race—that would be classic case of failure to promote. Rather, Plaintiff alleges that she *was* promoted to the title of scheduler, which carries with it a higher pay rate. Plaintiff alleges that despite being told she was now a scheduler, being trained as a scheduler, and

---

[2] *See Gupta v. E. Tex. State Univ.*, 654 F.2d 411 (5th Cir. 1981). In *Gupta* the plaintiff had filed two complaints/charges with the EEOC: one alleging discrimination based on race, and a second alleging retaliation because of the first charge. *Id.* at 412-413. Once Gupta initiated his district court case, his contract was not renewed. *Id.* at 414 However, he never filed a third charge with the EEOC detailing this additional retaliation. *Id.* The Court held that "it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge" because the court has ancillary jurisdiction to hear such a claim that grows out of an administrative charge properly before the court. *Id. Gupta* has been called into question in light of the U.S. Supreme Court decision in *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). *See Southwest Convenience Stores, LLC v. Mora*, 560 S.W.3d 392, 403 (Tex. App. 2018). However, until *Gupta* has been formally overruled, this Court deems it to still be good law.

performing the work of a scheduler, her pay was never increased even though other white, male schedulers were paid the higher rate. That is *not* a classic failure to promote scenario, but rather a disparate treatment claim. The alleged adverse employment action lies in Plaintiff's allegations that due to her filing an EEOC charge of failing to properly pay her due to her race, she was told she was going back to being a clerk, which means returning to the work previously performed at the rate paid to clerks. The Court finds that these facts sufficiently support a claim for retaliation. Therefore, Defendant's motion to dismiss Count IV is denied.

### 2. Hostile Work Environment Claim

Defendant urges that the Plaintiff's hostile work environment claim must be dismissed on both grounds—that Plaintiff failed to exhaust her administrative remedies because Plaintiff's EEOC charge (and any amendment) failed to include sufficient allegations to support a hostile work environment claim and that the Complaint also fails to state a claim. The Court finds that dismissal is warranted on both grounds.

"[A] hostile work environment claim requires (1) membership in a protected group; (2) harassment (3) based on a factor rendered impermissible by Title VII; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment yet failed to address it promptly." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012). "Harassment affects a 'term, condition, or privilege of employment' if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'" *Id.* at 654 (quoting *Ramsey v. Henderson,* 286 F.3d 264, 268 (5th Cir.2002)).

The federal courts in Mississippi have consistently ruled that when the factual statements contained in the EEOC charge do not support the causes of actions in the subsequent lawsuit, dismissal of the unsupported causes of action for failure to exhaust administrative remedies is

proper. *See Simmons-Myers v. Caesars Entm't Corp.*, No. 2:10-CV-216-WAP-JMV, 2012 U.S. Dist. LEXIS 97208 at *6-*8 (N.D. Miss. Jul. 13, 2012) (explaining that a Title VII plaintiff must exhaust her administrative remedies for each discrete theory of discrimination and dismissing those causes of action not supported by EEOC charge); *Page v. Howard Indus.*, No. 2:05-CV-215-0KS-MTP, 2006 U.S. Dist. LEXIS 88112 at *8-*10 (S.D. Miss. Dec. 5, 2006) (dismissing failure to promote claim because it did not grow out of EEOC charge for wrongful termination); *Kabir v. Singing River Health Sys.*, No. 1:19- CV-412-LG-RHW, 2019 U.S. Dist. LEXIS 211655 at *5-*7 (S.D. Miss. Dec. 9, 2019) (dismissing national origin discrimination and retaliation claims not contained in the EEOC charge for race-based discrimination); *Zhan v. Univ. of Miss. Med. Ctr.*, No. 3:14-CV-00777- CWR-FKB, 2015 U.S. Dist. LEXIS 146131 at *4-*5 (S.D. Miss. Oct. 28, 2015) (dismissing national origin, sexual harassment, and retaliation claims because they could not be reasonably expected to grow out of an EEOC charge for race and age discrimination).

Plaintiff does not argue that her original EEOC Charge dated July 25, 2019 or the amendment allege facts sufficient to support a hostile work environment claim,[3] and the Court agrees with Defendant that they do not. Plaintiff alleged in her EEOC Charge that she was promoted to scheduler but was not paid accordingly, while other schedulers, who were all white males, were paid accordingly. There are no facts describing both objectively and subjectively offensive behavior that were so severe or pervasive so as to alter the conditions of Plaintiff's employment. Thus, any claim in the Complaint for hostile work environment is outside the scope of the facts presented in the EEOC Charge, and thus, has not been administratively exhausted.

---

[3] Plaintiff instead argues that she perfected her hostile work environment claim pursuant to 42 U.S.C. § 2000e–16(c) because 180 days had passed since the filing of her EEOC Charge. While that may give Plaintiff the right to bring suit on the Charge, it does not change the fact that a hostile work environment claim is beyond the scope of the Charge. In addition, as Defendant points out, 42 U.S.C. § 2000e-16 applies to federal employment and not private employment, as is the case here. [11] at p. 6 (citing *Munoz v. Aldridge*, 894 F.2d 1489, 1492 (5th Cir. 1990)).

*Cf. Pacheco v. Mineta*, 448 F.3d 783 (5th Cir. 2006) (affirming dismissal of disparate-impact claim for failure to administratively exhaust the claim when administrative charge alleged only disparate treatment and named no neutral employment policy). Therefore, Plaintiff is precluded from raising such a claim in this civil action.

Also problematic for Plaintiff here, however, is that the allegations of the Complaint are also deficient, such that even if she had exhausted her administrative remedies, Plaintiff fails to state a claim for hostile work environment. While acknowledging the elements of such a claim, Plaintiff posits that she has adequately pled a hostile work environment claim by alleging that she "went up the chain of command complaining that she had not received the pay increase associated with the scheduler position" and that "despite her efforts, she was 'callously and maliciously ignored because of her race . . . .'" [10] at p. 9. Just like in the EEOC Charge, Plaintiff's allegations do not describe conduct that is both objectively and subjectively offensive. *See E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir. 2007). While being ignored may be annoying and may even somehow factor into Plaintiff's race discrimination claim, it certainly does not qualify as harassment. It is "[w]hen the workplace is permeated with 'discriminatory intimidation, ridicule, and insult' that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' [that] Title VII is violated." *Harris v. Forklift Sys.*, 510 U.S. 17, 21 (1993) (quoting *Meritor Savings Bank FSB v. Vinson*, 477 U.S. 57, 67 (1986)). Here, there are simply no allegations to support such a claim.  Defendant's motion to dismiss the hostile work environment claim is granted.

Defendant asks that the dismissal be with prejudice. Ordinarily, for failing to state a claim, Plaintiff would be afforded an opportunity to amend her Complaint to cure her pleading deficiencies. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir.2002) (noting that a court should allow a plaintiff at least one opportunity to cure

pleading deficiencies before dismissing a case). However, because Plaintiff failed to exhaust her administrative remedies, such leave would be futile, but the dismissal is still, nevertheless, without prejudice. "When a district court dismisses a claim under Rule 12(b)(6) for failure to exhaust administrative remedies, the dismissal is without prejudice to the claimant's right to return to court after it has exhausted its administrative remedies." *Martin K. Eby Const. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 n.5 (5th Cir. 2004)

## III. CONCLUSION

Based on the foregoing, it is hereby ORDERED that Defendant's Partial Motion for Dismissal [4] is GRANTED in so far as Count III of the Complaint (Race-Based Hostile Work Environment) is dismissed without prejudice for failure to exhaust administrative remedies, but as for dismissal of Count IV, the Motion is DENIED.

SO ORDERED AND ADJUDGED this 5th day of August 2020.


/s/ Keith Starrett_____
KEITH STARRETT
UNITED STATES DISTRICT JUDGE